IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL M. MILLER,<br><br>     Plaintiff,<br><br><br>  v.<br><br><br>UNITED STATES OF AMERICA,<br><br><br>     Defendant. | Case No. 2:08-CV-740-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Michael Miller's Motion to Vacate Defendant United States' Substitution as Party Defendant. (Doc. 24.)  Mr. Miller argues that the Court should vacate the United States' party substitution because former Defendant William Scott Hongell was not acting within the scope of his employment when Mr. Miller was allegedly assaulted and battered at the United States Postal Office.[1]

Also before the Court is Defendant United States of America's Motion to Dismiss.  (Doc. 12.)  The United States argues that it is protected from Mr. Miller's suit by sovereign immunity.  Specifically, Defendant argues that (1) the Federal

---

[1]Mr. Miller's Motion to Vacate also sought to vacate the party substitution of Steve Wood and Dan Corral, but the Court denied the motion as to those former defendants.  (Doc. 50.)

Tort Claims Act specifically excludes liability for torts arising from assault and battery and (2) the federal government has not waived its sovereign immunity for tort suits brought pursuant to the United States Constitution.

### A. Motion to Vacate

The Court first addresses Mr. Miller's Motion to Vacate. Mr. Miller's motion hinges on whether Mr. Hongell was acting within the scope of his employment when the alleged assault and battery occurred. To determine whether he was acting within the scope of his employment, the Court examines his actions under Utah law. *See Williams v. United* States, 350 U.S. 857, 857 (1955); *Pattno v. United States*, 311 F.2d 604, 605 (10th Cir. 1962); *United States v. Mraz*, 255 F.2d 115, 116 (10th Cir. 1958); *see also Clark v. Pangan*, 998 P.2d 268 (Utah 2000).

Under Utah law, whether an employee was acting within the scope of his employment is determined by a three prong test. First, the "conduct must be of the general kind the employee is employed to perform . . . mean[ing] that an employee's acts or conduct must be generally directed toward the accomplishment of objectives within the scope of the employee's duties and authority, or reasonably incidental thereto." *Birkner v. Salt Lake County*, 771 P.2d 1053, 1056-57 (Utah 1989). Second, the "conduct must occur within the hours of the employee's work and the ordinary spatial boundaries of the employment." *Id.* Third, the "conduct must be motivated, at least in part, by the purpose

2

of serving the employer's interest." *Id.*; *see also Clark*, 998 P.2d at 273 (holding that intentional torts, such as battery, can be within the scope of employment and the test set forth in *Birkner* should be applied to make the determination). "The employee's intent, however misguided in its means, must be to further the employer's business interests. 'If the employee acts from purely personal motives in no way connected with the employer's interests or if the conduct is unprovoked, highly unusual, and quite outrageous, then the master is not liable.'" *J.H. by and through D.H. v. West Valley City*, 840 P.2d 115, 122-23 (Utah 1992) (quoting *Birkner*, 771 P.2d at 1087) (finding sexual assault of minor by police officer not within the scope of employment).

At the July 12, 2010 hearing, Mr. Miller conceded that Mr. Hongell's actions on May 26, 2006, met the three-part *Birkner* criteria, but argued that Mr. Hongell was not acting within the scope of his employment because his conduct was "unprovoked, highly unusual, and quite outrageous." Mr. Miller bears the burden of establishing all three of these elements. Having listened to the testimony and observed the witnesses at the July 12, 2010 evidentiary hearing, and having reviewed the pleadings in this case and considered the oral arguments that have been presented, the Court concludes that Mr. Miller has failed to meet that burden.

The Court finds that Deborah Kojima's testimony was the most credible testimony presented at the evidentiary hearing regarding the May 26, 2006 incident.  Ms. Kojima was a rural letter carrier and belonged to a different union than the city carriers; thus, she was not a member of the NALC and testified that she did not even know who Mr. Miller was when he entered the post office on May 26, 2006.  Also, Ms. Kojima did not work regularly under Mr. Wood or Mr. Hongell.  Ms. Kojima, who was working in the scanner room when the incident occurred, stood at the window in that room, had a clear, unobstructed view of the incident, and witnessed the entire course of events from the time Mr. Miller entered the post office to the time Mr. Miller and Mr. Hongell fell.  Ms. Kojima described Mr. Miller as the aggressor throughout the incident.  Further, she testified that Mr. Hongell tripped and fell, and in falling, grabbed Mr. Miller in his attempt to stop his fall.

Based on Ms. Kojima's testimony and the credible testimonies of others offered at the evidentiary hearing, the Court concludes that Mr. Hongell's conduct was not unprovoked, highly unusual, or quite outrageous.  First, Mr. Hongell was not "unprovoked".  Mr. Miller was the aggressor and provocateur throughout the incident.  Second and third, in relying on Ms. Kojima's testimony, the Court concludes that Mr. Hongell's actions were neither "highly unusual" nor "quite outrageous."  *Cf.* Report and Recommendation in *Clark v. Pagan*, No. 2:98-CV-304 (Dist. Utah, July 23, 1998);

4

*see also* Order Adopting Report and Recommendation in *Clark v.*
*Pagan*,(Dist. Utah, June 6, 2000).

Because Mr. Miller has not met his burden to establish that
Mr. Hongell's actions were unprovoked, highly unusual, and quite
outrageous, the Court denies Mr. Miller's Motion to Vacate.

### B.  Motion to Dismiss

The Court next turns to the United States' Motion to
Dismiss.  Counts IV through VIII of Mr. Miller's Complaint were
dismissed by operation of law when the United States was
substituted as the sole defendant in this action, because each of
those five claims was pleaded against the individual defendants
(Doc. 11); as such, only Counts I through III of Mr. Miller's
Complaint remain.  Having examined those claims, the Court
concludes that the United States correctly argues that all of Mr.
Miller's remaining claims against the United States must be
dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The United States has not waived its sovereign immunity for
suits in tort arising from assault and battery or for tort suits
brought pursuant to the United States Constitution.  *See* 28
U.S.C. § 2680(h); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).
Also, Mr. Miller has not successfully demonstrated that this
matter is properly within the Court's jurisdiction based on an
exception to Section 2680(h)'s jurisdictional bar, and, as
discussed in detail in the United States' memorandum, as a matter
of law Mr. Miller would be unable to establish such an exception

regarding one of the first three counts of his Complaint.  (Doc. 13, at 4-10.)  Accordingly, the Court grants the United States' Motion to Dismiss.

## ORDER

Based on the above analysis, **IT IS ORDERED** that Plaintiff's Motion to Vacate (**Doc. 24**) is **DENIED**.  In addition, **IT IS ALSO ORDERED** that Defendant's Motion to Dismiss **(Doc. 12**) is **GRANTED**. Therefore, the case is dismissed with prejudice.

DATED this 1st day of September, 2010.

BY THE COURT:

Samuel Alba
United States Magistrate Judge